UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BRANT GRIFFIN, a resident of Nevada;
RANDI MONDELLO, a resident of California,

   Plaintiffs,

   v.                                          Case No. 1:24-cv-00914-DLM-KK

ERLEND OLSON, a resident of New Mexico,

   Defendant.

## **ANSWER**

Defendant Erlend Olson, through attorney Nick Sitterly, files this Answer to Plaintiffs' Complaint for Fraud—Material Misrepresentation, Fraud—Material Omissions and Concealment of Material Facts, and Breach of Oral Contract (the "Complaint").

### SUMMARY OF THE CASE

1. Defendant generally denies the narrative allegations in Paragraph four (1).

2. Defendant generally denies the narrative allegations in Paragraph two (2).

3. Defendant generally denies the narrative allegations in Paragraph three (3).

### JURISDICTION AND VENUE

4. Defendant admits the statements in Paragraph four (4).

5. Defendant lacks sufficient information to admit or deny the statement in Paragraph five (5).

6. Defendant lacks sufficient information to admit or deny the statement in Paragraph six (6).

7. Defendant admits the allegation in Paragraph seven (7).

8. Defendant denies the allegations in Paragraph eight (8).

9. Defendant admits the allegation in Paragraph nine (9).

1

## GENERAL ALLEGATIONS

10. Defendant denies the allegation in Paragraph ten (10).

11. Defendant denies the allegations in Paragraph eleven (11).

12. Defendant denies the narrative allegations in Paragraph twelve (12).

13. Defendant denies the allegations in Paragraph thirteen (13).

14. Defendant denies the allegations in Paragraph fourteen (14).

15. Defendant denies the allegations in Paragraph fifteen (15).

16. Defendant lacks sufficient information to admit or deny the allegation in Paragraph sixteen (16).

17. Defendant denies the allegations in Paragraph seventeen (17).

18. Defendant denies the allegations in Paragraph (18).

19. Defendant denies the allegations in Paragraph nineteen (19).

20. Defendant denies the allegations in Paragraph twenty (20).

21. Defendant denies the allegations in Paragraph twenty-one (21).

22. Defendant denies the allegations in Paragraph twenty-two (22).

23. Defendant denies the allegations in Paragraph twenty-three (23).

24. Defendant denies the allegations in Paragraph twenty-four (24).

25. Defendant denies the allegations in Paragraph twenty-five (25).

26. Defendant denies the allegations in Paragraph twenty-six (26).

27. Defendant denies the allegations in Paragraph twenty-seven (27).

28. Defendant denies the allegations in Paragraph twenty-eight (28).

29. Defendant denies the allegations in Paragraph twenty-nine (29).

30. Defendant denies the allegations in Paragraph thirty (30).

31. Defendant denies the allegations in Paragraph thirty-one (31).

32. Defendant denies the allegations in Paragraph thirty-two (32).

33. Defendant denies the allegations in Paragraph thirty-three (33).

34. Defendant denies the allegations in Paragraph thirty-four (34).

35. Defendant denies the allegations in Paragraph thirty-five (35).

36. Defendant denies the allegations in Paragraph thirty-six (36).

37. Defendant denies the allegations in Paragraph thirty-seven (37).

38. Defendant lacks sufficient information to admit or deny the statement in Paragraph thirty-eight (38).

39. Defendant denies the allegations in Paragraph thirty-nine (39).

40. Defendant denies the allegations in Paragraph forty (40).

41. Defendant denies the allegations in Paragraph forty-one (41).

42. Defendant denies the allegations in Paragraph forty-two (42).

43. Defendant lacks sufficient information to admit or deny the statement in Paragraph forty-three (43).

44. Defendant lacks sufficient information to admit or deny the allegations in Paragraph forty-four (44).

45. Defendant denies the allegations in Paragraph forty-five (45).

46. Defendant denies the allegations in Paragraph forty-six (46).

47. Defendant lacks sufficient information to admit or deny the allegations in paragraph forty-seven (47).

48. Defendant lacks sufficient information to admit or deny the allegations in paragraph forty-eight (48).

49. Defendant lacks sufficient information to admit or deny the allegations in

paragraph forty-nine (49).

50. Defendant lacks sufficient information to admit or deny the allegations in paragraph fifty (50).

51. Defendant denies the allegations in Paragraph fifty-one (51).

52. Defendant denies the allegations in Paragraph fifty-two (52).

53. Defendant lacks sufficient information to admit or deny the allegations in Paragraph fifty-three (53).

54. Defendant denies the allegations in Paragraph fifty-four (54).

55. Defendant admits that a demand was made, but otherwise denies the allegations and implications made in paragraph fifty-five (55).

56. Defendant denies the allegations in Paragraph fifty-six (56).

## FIRST CLAIM FOR RELIEF (Fraud—Material Misrepresentation)

57. Defendant incorporates previously stated denials.

58. Defendant denies the allegations in Paragraph fifty-eight (58).

59. Defendant denies the allegations in Paragraph fifty-nine (59).

60. Defendant denies the allegations in Paragraph sixty (60).

61. Defendant denies the allegations in Paragraph sixty-one (61).

62. Defendant denies the allegations in Paragraph sixty-two (62).

63. Defendant denies the allegations in Paragraph sixty-three (63).

64. Defendant denies the allegations in Paragraph sixty-four (64).

## SECOND CLAIM FOR RELIEF (Fraud—Material Omissions and Concealment of Material Facts)

65. Defendant incorporates all previous denials.

66. Defendant denies the allegations in Paragraph sixty-six (66).

67. Defendant denies the allegations in Paragraph sixty-seven (67).

68. Defendant denies the allegations in Paragraph sixty-eight (68).

69. Defendant denies the allegations in Paragraph sixty-nine (69).

70. Defendant denies the allegations in Paragraph seventy (70).

71. Defendant denies the allegations in Paragraph seventy-one (71).

72. Defendant denies the allegations in Paragraph seventy-two (72).

73. Defendant denies the allegations in Paragraph seventy-three (73).

74. Defendant denies the allegations in Paragraph seventy-four (74).

THIRD CLAIM FOR RELIEF (Breach of Oral Contract)

75. Defendant incorporates all previous denials.

76. Defendant denies the allegations in Paragraph seventy-six (76).

77. Defendant denies the allegations in Paragraph seventy-seven (77).

78. Defendant denies the allegations in Paragraph seventy-eight (78).

79. Defendant denies the allegations in Paragraph seventy-nine (79).

AFFIRMATIVE DEFENSES

1. This statement of affirmative defenses in no way waives or foregoes Mr. Olson's rights under the Rules of Federal Procedure to file rule 12 motions to dismiss, summary judgment, or any other rights or relief guaranteed to him under Federal Law. The allegations of the Complaint are more fully addressed in forthcoming motions.

2. Failure to State a Claim (Contract) – the Complaint fails to state a claim as to breach of contract where the terms of the alleged contract are not adequately described, the circumstances of formation and breach are not adequately described, and the act of breach is not adequately described. Furthermore, Defendant generally denies that a breach occurred under the

terms of the alleged contracts at issue.

3. Failure to State a Claim (Fraud) – Plaintiffs failed to allege the means by which they were fraudulently induced given their long-alleged knowledge of Defendant and his previous activities and ventures.

4. Failure to add a Necessary Party - Defendant is not the original creditor. Plaintiffs have therefore failed to include a necessary party and correctly identify the original creditor.

5. Statutes of limitation – Claims for fraud must be brought within four (4) years of the date of occurrence. NMSA 1978 § 37-1-4. Therefore, all fraud claims for dates prior to the Complaint's filing fail.

6. Failure to mitigate damages – Plaintiffs have failed to accept a good faith settlement offer and are therefore unnecessarily incurring attorney fees, costs, interest, and additional damages.

7. Failure to exercise reasonable diligence – Plaintiffs have unnecessarily delayed filing suit and have therefore incurred interest, attorney fees, costs, and other consequences.

8. Waiver – Defendant alleges that Plaintiffs have encumbered, transferred, or otherwise disposed of all controlling instruments relevant to the Complaint and have therefore waived the right to bring suit.

9. Statute of Frauds (New Mexico) – Contracts in amounts greater than $500 must be memorialized in writing, therefore alleged agreements in amounts greater than $500 are not enforceable. NMSA 1978 § 55-2-201. Furthermore, negotiable instruments require a written, executed instrument, which Plaintiffs do not possess. As Defendant denies the existence of a contract or instrument, and as Plaintiffs are unable to produce said contract or instrument, or to prove the terms of said instrument, the claims fail. NMSA 1978 § 55-3-105, 55-3-301, 55-3-309, (2024).

10.     Parol Evidence – the alleged contracts/instruments, if actual, were intended and limited to the written terms contained therein, and therefore, all extrinsic evidence is barred.

11.     Prevention of Performance/Unclean Hands by way of Fraud, Misrepresentation, and Deceit– Defendant alleges that Plaintiffs prevented performance by conspiring with persons acting in bad faith against Theia Group International and its associated entities and persons.

12.     Failure of Condition Precedent – Plaintiffs seek enforcement of an alleged contract or instrument which internally required official registration and other conditions which have not, as yet, occurred. Therefore the contracts and instruments are not yet ripe.

13.     Lack of standing – Defendant alleges that Plaintiffs have transferred or encumbered their rights under the alleged contracts or instruments and therefore lack standing to enforce said instruments.

WHEREFORE, Defendant prays that this Court will dismiss the Complaint and award sanctions, including attorney fees, costs, and all other relief that the Court deems appropriate.

Respectfully Submitted,

SITTERLY LAW FIRM, LLC

*/s/ Nick Sitterly*

NICK SITTERLY
Attorney for the Defendant
500 Marquette Blvd NW
Suite #1200
Albuquerque, NM 87102
P: (505) 314-1318
F: (866) 610-0455
nick.sitterlylawfirm@gmail.com

I hereby certify that the foregoing pleading was served on all parties on October 7, 2024 through the CM/ECF system.

/s/ Nick Sitterly

_____

Nick Sitterly
Attorney for Defendant