UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

BRANT GRIFFIN, a resident of Nevada;
RANDI MONDELLO, a resident of California,

        Plaintiffs,

v.

ERLEND OLSON, a resident of New Mexico,

        Defendant.

Case No. 1:24-cv-00914-DHU-KK

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on October 31, 2024 at 10:15 a.m. and was attended by Roger L. Scott for Plaintiffs and Nicholas Sitterly for Defendant.

## NATURE OF THE CASE

Plaintiffs Brant Griffin and Randi Mondello assert claims for fraud and breach of oral contract against Defendant Erland Olson. Plaintiffs allege that Defendant made false statements and/or concealed information to induce Plaintiffs to enter into contracts with a business affiliated with Defendant. Plaintiffs allege that Defendant orally guaranteed their investments in that business, but when the business defaulted Defendant failed to pay. Defendant denies Plaintiffs allegations.

*Version 3: December 2009*

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

The parties do not anticipate any amendment of the pleadings at this time. While the parties to not anticipate the joinder of additional parties, the parties agree that the deadline to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a) shall be January 31, 2025.

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties did not reach agreement on any stipulated facts at this time.

The parties dispute the law governing this case. Plaintiffs contend that the law governing this case is the law of the State of New Mexico. Defendant contends that the law governing this case is undeterminable due to the lack of choice law provisions in alleged lending documents; as yet not produced.

## PLAINTIFF'S CONTENTIONS:

Plaintiffs Brant Griffin and Randi Mondello bring this action to recover the millions of dollars owed to them by Defendant Erlend Olson. In 2020 and 2021, Olson induced Griffin and Mondello to invest in Theia Group, Incorporated, and related entities. Olson touted his experience as a former NASA engineer, his record of accomplishment as a successful businessman, and his alleged access to *billions* in investments to support Theia Group's business of launching a satellite network to provide specialized imaging of the Earth. Olson promised that the investments made in Theia Group were secured by valuable Federal Communications Commission bandwidth. Moreover, Olson *personally guaranteed* the investments. Based on

*Version 3: December 2009*

Olson's representations, Griffin and Mondello loaned Theia Group $2,600,000 through secured promissory notes, for which they were supposed to be repaid $15,900,000 when their notes matured.

In mid-2021 when Griffin's and Mondello's notes, and the notes of others, became due, Theia Group collapsed. Only then did Griffin and Mondello discover that many of Olson's representations were false. Olson and Theia Group had been under investigation by the United States Department of Justice for years, and Theia Group did not have the available funding Olson had claimed. Larger investors seized all of Theia Group's assets, and Olson refused to honor his personal guarantee and repay Griffin and Mondello.

Today, Griffin has yet to be repaid his $2,050,000 investment, let alone the $13,750,000 repayment amount he is owed. Similarly, Mondello has yet to be repaid her $550,000 investment, let alone the $2,150,000 repayment amount she is owed. Olson personally owes Griffin and Mondello these amounts.

## **DEFENDANT'S CONTENTIONS**

The alleged secured notes and personal guarantee are barred by both statutes of limitation and statute of frauds; documentary evidence for the alleged instruments have not been provided. Plaintiffs failed to join necessary parties for all claims.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

The Parties agree that the subjects on which discovery may be needed as outlined below by each of the Parties respectively is not exhaustive and may be supplemented, as necessary, throughout the course of discovery.

*Version 3: December 2009*

The Parties agree that potential subjects for discovery may generally include any and all matters encompassing averments in (i) Plaintiffs' Complaint and (ii) Defendants' defenses to Plaintiffs' Complaint, which may include, but are not limited to, the following specifically identified subjects:

- The representations Defendant made to Plaintiffs prior to Plaintiffs entering the contracts referred to in the Complaint.

- The truth or accuracy of the representations Defendant made to Plaintiffs prior to Plaintiffs entering the contracts referred to in the Complaint.

- Whether Plaintiffs relied on the representations Defendant made to Plaintiffs prior to Plaintiffs entering the contracts referred to in the Complaint.

- Whether Defendant personally guaranteed Plaintiffs' investments.

- The damages suffered by Plaintiffs as a result of any acts or breaches of contract alleged against Defendant.

The Parties state that the foregoing list is provided solely for the purposes of establishing a Joint Discovery Plan and is not intended to constitute any representation, admission, waiver or limitation regarding their respective rights to take discovery or object to discovery regarding any issue in this litigation.

The Parties do not currently anticipate a need for changes in limitations on discovery imposed by the Federal Rules or by local rule.

- The Parties agree that the limitations set forth in the Federal Rules of Civil Procedure 33, 34, and 36 as to the number and timing of responses for

*Version 3: December 2009*

interrogatories, requests for production, and requests for admission, respectively, shall apply to this case.

- The parties agree that the number and time limitations for depositions set forth in the Federal Rules of Civil Procedure 30 shall apply to this case.

The Parties propose the following dates for the completion of discovery:

| Event | Date |
|---|---|
| Completion of Fact Discovery | July 11, 2025 |
| Expert Reports Due | August 8, 2025 |
| Supplemental Expert Reports Due | September 5, 2025 |
| Completion of Expert Discovery | October 3, 2025 |
| Last day to file Dispositive Motions | October 31, 2025 |
| Pretrial Conference | January 8, 2026 |

## ESTIMATED TRIAL TIME

The parties estimate trial will require four days.

This is a jury case.

## SETTLEMENT

The possibility of settlement in this case is considered likely.  The parties request a settlement conference in March 2025.

Dated:  November 11, 2024

                           BUCHALTER, APC

By:   */s/ Roger L. Scott*_____
      Roger L. Scott
      Counsel for Plaintiffs
      Brant Griffin and Randi Mondello
      18400 Von Karman Ave., Suite 1800
      Irvine, CA 92612
      P:  (949) 760-1121
      F:  (949) 720-0182
      rscott@buchalter.com


                           SITTERLY LAW FIRM, LLC

By:   */s/ Nick Sitterly*_____
      Nick Sitterly
      Counsel for Defendant
      Erland Olson
      500 Marquette Blvd NW, Suite #1200
      Albuquerque, NM 87102
      P: (505) 314-1318
      F: (866) 610-0455
      nick.sitterlylawfirm@gmail.com



This document was created with the Win2PDF "print to PDF" printer available at
http://www.win2pdf.com

This version of Win2PDF 10 is for evaluation and non-commercial use only.

This page will not be added after purchasing Win2PDF.

http://www.win2pdf.com/purchase/