UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
ALBUQUERQUE DIVISION

BRANT GRIFFIN, a resident of Nevada;
RANDI MONDELLO, a resident of California,

        Plaintiffs,

v.

ERLEND OLSON, a resident of New Mexico,

        Defendant.

Case No. 24-914-DHU-KK

## BRANT GRIFFIN'S MOTION FOR STAY PROCEEDING

Plaintiff Brant Griffin, by and through his counsel of record, Roger L. Scott and Buchalter, hereby submits his Motion to Stay Proceeding pursuant to Fed. R. Civ. Proc. 7.

Defendant Erlend Olson is currently being held in pretrial detention pending trial on his indictment for multiple felony counts including wire fraud and tax evasion. The allegations underlying the criminal indictment are substantially similar, if not the same, as the facts underlying Plaintiff Brant Griffin's claims against Olson in this matter. Indeed, the indictment appears to identify Griffin as "Investor 6" and Griffin's father as "Investor 8" including the Griffins' visit to Olson's offices in December 2020, and Olson's fraudulent representations to them during that meeting.

In addition, the Court recently granted Olson's counsel's motion to withdraw, meaning Olson is now acting *pro se*. Given Olson's *pro se* status, incarceration pending trial on identical issues, and the inherent complications and difficulties that arise from concurrent criminal and

1

civil proceedings on the same issues, Griffin brings this motion. Staying this proceeding is in the best interests of Griffin, Olson, and judicial economy. Accordingly, Griffin respectfully requests that the Court grant his motion and stay this proceeding pending resolution of the criminal charges against Olson.

## I.    FACTUAL BACKGROUND.

On September 13, 2024, Griffin filed this action against Olson alleging claims for breach of contract and fraud. Dkt. 1.

On March 13, 2025, Olson was indicted in the United States District Court for the District of Columbia on multiple counts, including wire fraud and tax evasion relating to his actions while operating Theia Group. *United States v. Olson, et al*, United States District Court for the District of Columbia Case No. 1:25-cr-00069-RCL ("Criminal Action"), Dkt. 1. The 39 page indictment sets forth Olson's scheme to defraud investors, alleging facts strikingly similar to those alleged in Griffin's Complaint. The indictment confirms Griffin's allegations that, contrary to Olson's representations, Theia Group did not receive $6 billion in foreign investment, but was instead funded by loans from institutional and individual investors and lenders and that "Most, if not all, of these investments were fraudulently obtained by Theia misrepresenting its financial position, contracts with third parties, and technical capabilities. Criminal Action, Dkt. 1 ¶¶ 10, 11. Griffin, like other investors, "received and relied upon background materials and supporting documents about Theia that materially misrepresented" facts about Theia Group. *Id*. ¶¶ 13. Griffin's complaint also mirrors the government's allegations that Olson "provided materially false updates to … investors" that "convinced many investors [including Griffin] to extend their notes" and/or invest additional funds. *Ibid*.

The indictment even appears to detail Griffin's personal experiences getting bilked by Olson. Paragraphs 34 through 43 of the indictment refers to "Investors 6, 7, and 8." Griffin believes that he is Investor 6, Plaintiff Randi Mondello is Investor 7, and Griffin's father is Investor 8. Criminal Action, Dkt. 1 ¶ 34-43. The indictment describes Griffin's efforts to confirm the existence of the $6 billion escrow account Olson claimed existed, including Griffin's December 2020 visit to Theia's offices with his father, and his father's investment of $1 million in reliance on Olson's showing Griffin and his father a fake escrow statement with a $6 billion balance, mirroring the allegations of Griffin's Complaint in this action.

On or about March 17, 2025, Olson was arrested in Albuquerque, New Mexico. "Former Principals of Aerospace Start-UP Company Charged with Fraud, Fraud Conspiracy, and Tax Evasion," U.S. Dept. of Justice Mar. 18, 2025, https://www.justice.gov/usao-dc/pr/former-principals-aerospace-start-company-charged-fraud-fraud-conspiracy-and-tax-evasion ("Law enforcement made arrests yesterday in Albuquerque, New Mexico (Olson)…".

On March 20, 2025, the Court (Hon. Kirtan Khalsa) held a pre-settlement conference hearing in this matter. During that conference, Olson's attorney, Nicholas Sitterly, explained that Olson was being transferred from detention in New Mexico to detention in the District of Columbia where he would await a hearing on the revocation of his pretrial detention. Declaration of Roger L. Scott, Scott Decl. ¶ 2. Sitterly suggested that the parties stay this matter pending Olson's criminal case. *Id.* At the time, Griffin was not amenable to such a stay, particularly given the potential that Olson would be released from detention and able to participate in a deposition or a settlement conference. *Id.* ¶ 3.

On April 9, 2025, the United States District Court for the District of Columbia denied Olson's motion to revoke his pretrial detention and ordered that Olson remain in custody pending trial. Criminal Action, Dkt. 30.

On May 5, 2025, Olson's counsel, Sitterly, wrote Griffin's counsel to inquire whether Griffin would stipulate to Sitterly withdrawing as Olson's counsel in this matter. Scott Decl. ¶ 4, Ex. 1. Griffin's counsel responded that he would need to confer with Griffin. *Id*.

On May 7, 2025, Sitterly filed a motion to withdraw as Olson's counsel in this matter. Dkt. 32.[1]

On May 31, 2025, Griffin's counsel sought to confer with Olson's counsel, Sitterly, regarding a potential stay of this matter. Scott Decl. ¶ 5, Ex. 2. Sitterly did not respond. *Id*. ¶ 5. On June 10, 2025, Griffin's counsel followed up with Sitterly. *Id*. ¶ 5, Ex. 2. Again, Sitterly did not respond. *Id*. ¶ 5.

On June 13, 2025, the Court granted Sitterly's motion to be relieved as counsel. Dkt. 36.

## II.   ARGUMENT.

Because Olson's criminal proceedings now pending in the U.S. District Court for the District of Columbia, and this civil action now pending before the above Court concern core facts from the ongoing federal investigation, and because Griffin's claims, and any defenses Olson may have relate to rulings that will likely be made in the pending criminal proceedings, this matter should be stayed pending the resolution of the criminal proceedings.

---

[1] It appears that Griffin's lead counsel, Roger Scott, was inadvertently removed from ECF notifications for this matter on February 24, 2025. Scott Decl. ¶ 8. While another attorney and a legal assistant at Mr. Scott's firm remained on ECF, believing Mr. Scott was receiving ECF notifications, subsequently filed documents were not sent to Mr. Scott. *Id*. This includes not only Sitterly's motion to withdraw (Dkt. 32), but also the Court's June 6, 2025 denial, without prejudice, of Sitterly's motion (Dkt. 33), Sitterly's Certificate of Service on Olson (Dkt. 34), Sitterly's ex parte email to the Court later posted to the docket (Dkt. 35), or the Court's Order granting Sitterly's motion to withdraw (Dkt. 36). *Id*. ¶ 7. Mr. Scott only discovered these filings when counsel reviewed the docket while drafting this motion. *Id*. Mr. Scott is taking steps to contact the clerk to resolve this issue. *Id*. ¶ 9.

### A.     Legal Standard.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Where the same incident gives rise to a civil lawsuit for damages and a criminal prosecution, the civil case ordinarily should be stayed until the criminal proceedings have concluded. *See Peyton v. Burdick*, 358 F. App'x 961, 962 (9th Cir. 2009) (vacating and remanding action to the district court with instructions to impose a stay because plaintiff's civil claims implicate rulings that are likely to be made in pending criminal proceeding); *Guillory v. Wheeler*, 303 F. Supp. 2d 808, 811 (M.D. La. 2004) (observing that where criminal charges remain pending, "the better course is to proceed as strongly suggested by the Fifth Circuit Court of Appeals--to stay proceedings ... until the pending criminal case has run its course"); *Gallipeau v. Mitchell*, No. 07-3522, 2009 WL 539947, at *1 (D.S.C. Mar. 4, 2009); *Estes-El v. Long Island Jewish Med. Ctr.*, 916 F. Supp. 268, 269 (S.D.N.Y. 1995).

### B.     The Court Should Stay This Matter Pending Olson's Criminal Case.

Courts have outlined several factors that should be considered in determining whether a stay of civil proceedings is warranted when concurrent criminal proceedings are pending: "(1) the extent of overlap between the proceedings; (2) the status of the criminal case; (3) the plaintiffs' interests in speedy resolution weighed against the prejudice caused by delay; (4) the burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Flynn v. City of Las Cruces*, No. 15CV195 KG/WPL, 2015 WL 13643322, at *1 (D.N.M. Nov. 9, 2015) (internal citations omitted); *see, also, Trustees of Plumbers and Pipefitters Nat'l Pension Fund v.*

*Transworld Mech., Inc .,* 886 F.Supp. 1134, 1139 (S.D.N.Y.1995); *Volmar Distribs., Inc. v. The New York Post Co.,* 152 F.R.D. 36, 39 (S.D.N.Y.1993).

Here, at least five of these six factors weigh in favor of a stay.  First, the issues in the criminal case and this case overlap substantially, if not completely.  Griffin alleges that Olson fraudulently induced him to invest in Theia Group including by misrepresenting the financial backing Theia Group actually had.  The criminal indictment alleges the same scheme, with Olson committing, or conspiring to commit wire fraud in order to induce investors to give money to Theia Group.  Griffin and his father are directly referenced as alleged victims of this scheme.  "[T]he complete overlap between the criminal and civil cases suggests that Defendants will invoke their Fifth Amendment rights repeatedly and therefore the potential for prejudice is high." *Flynn*, 2015 WL 13643322 at *3.

Second, "[a] stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct for two reasons: first, the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and second, the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Trustees,* 886 F.Supp. at 1139.  Olson has been indicted and arrested for his alleged misconduct and has been denied release from pre-trial detention.  And, as in *Trustees*, the risk of prejudice to Griffin is reduced based on the prospect of a speedy trial.

Third, Griffin, the party bringing this motion, does not assert any prejudice.  Indeed, Griffin believes he will be prejudiced if a stay is not granted giving the difficulty in obtaining evidence from Olson, who is currently being held in pre-trial detention in Washington, D.C.

Further complicating Griffin's ability to pursue his case absent a stay, Olson is not only in federal custody, but also acting *pro se*.[2]

Fourth, Olson's own interests weigh in favor of a stay. At the March 20, 2025 hearing, Olson's counsel asserted that a stay was warranted, and the Court recognized the Fifth Amendment interests at issue. "Absent a stay, [a criminal defendant] faces a conflict between asserting his Fifth Amendment rights and fulfilling his legal obligations as a witness in this civil action. This conflict may be largely, if not completely, eliminated by granting a stay of appropriate scope." *Librado v. M.S. Carriers, Inc.*, No. CIV.A. 3:02-CV-2095D, 2002 WL 31495988, at *3 (N.D. Tex. Nov. 5, 2002); *Shaw v. Hardberger*, No. 06-751, 2007 WL 1465850, at *1-2 (W.D. Tex. May 16, 2007) (granting motion to stay in part based on potential Fifth Amendment concerns because the civil case arose from the same set of operative facts as the criminal charges and thus "there is a danger of self-incrimination"); *Estes-El*, 916 F. Supp. at 270 (explaining that permitting the civil action to go forward may prejudice a criminal defendant because of "potential Fifth Amendment issues").

Fifth, a stay will promote judicial economy. While a stay temporarily will defer the Court's assessment of Olson's claims, awaiting the resolution of the criminal matter likely will foster a more efficient evaluation. In particular, the postponement of the civil case may streamline review by potentially eliminating some (or all) of the issues in the civil case. For example, if Olson is convicted, the criminal ruling will provide the basis for claim or issue preclusion of similar issues in this matter. Even if Olson is ultimately absolved of all charges, courts acknowledge that is it still more efficient to await the final resolution of the criminal action before proceeding in a civil case. *See, e.g., Crooker v. Burns*, 544 F. Supp. 2d 59, 65 (D.

---

[2] In the event the Court denies this motion, Griffin will seek leave to modify the scheduling order to permit sufficient time to seek leave of court to depose Olson. Fed. R. Civ. P. Rule 30(a)(2)(B).

7

Mass. Apr. 10, 2008). A stay ensures that this Court is not simultaneously adjudicating the same issues as those before the court in the criminal matter. *Id.* at 64. Therefore, under either scenario (*i.e.,* plaintiff is found guilty or acquitted), proceeding seriatim rather than simultaneously is likely to promote judicial economy.

A stay of the civil action likewise serves the interest of judicial economy because it eliminates the need for the Court to structure civil discovery to account for (or to resolve any discovery disputes that may affect) the pending criminal case. *E.g., Quinn*, 2010 WL 412901, at *3 (staying the civil case in part because "[t]he Court simply cannot fathom how it could construct a discovery plan that would balance the need to protect the interests and rights of all parties in the criminal matter with the need to have productive and relevant discovery in the civil matter"); *Shaw,* 2007 WL 1465850, at *2 (citation omitted) (observing, "[i]f this civil action is stayed until the conclusion of the criminal proceedings, there is no need to make rulings regarding potential discovery disputes involving issues that may affect the criminal case.").

Griffin believes the last factor, the public interest, is neutral.

### III.   CONCLUSION.

For the foregoing reasons, the Court should grant Griffin's motion and stay this matter pending the resolution of the criminal proceedings against Olson.

Dated:  June 16, 2025

                      BUCHALTER, APC

By:   */s/ Roger L. Scott*_____
      Roger L. Scott
      Counsel for Plaintiff
      Brant Griffin
      18400 Von Karman Ave., Suite 1800
      Irvine, CA 92612
      P:  (949) 760-1121
      F:  (949) 720-0182
      rscott@buchalter.com

## PROOF OF SERVICE

United States District Court of New Mexico – Albuquerque Division
*Brant Griffin and Randi Mondello v. Erlend Olson, et al.*

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is at BUCHALTER, a Professional Corporation, 18400 Von Karman Avenue, Suite 800, Irvine, CA 92612-0514. My e-mail address is lchapman@buchalter.com.

On the date set forth below, I served the foregoing document described as:

**BRANT GRIFFIN'S MOTION FOR STAY PROCEEDING**

on all other parties and/or their attorney(s) of record to this action by:

☑ **BY ELECTRONIC SERVICE**. On **June 16, 2025**, I hereby certify that on this date, I electronically filed the foregoing using the Court's CM/ECF system which will send notification of such filing to the email addresses denoted on the Electronic Mail notice list.

| Erland Olson | Randi Mondello |
|---|---|
| 3908 Richmond Rd. | 18921 Ocean Park Lane |
| Warsaw, VA 22572 | Huntington Beach, CA 92648 |
| Tel.: (804) 333-6419 | Email: randimondello@gmail.com |

☑ **BY EMAIL** On **June 16, 2025**, I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

☑ **BY MAIL** I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. The address(es) shown above is(are) the same as shown on the envelope. The envelope was placed for deposit in the United States Postal Service at Buchalter in Irvine, California on **June 16, 2025**. The envelope was sealed and placed for collection and mailing with first-class prepaid postage on this date following ordinary business practices.

☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge. Executed on June 16, 2025, at Irvine, California.

Loretta Chapman – lchapman@buchalter.com     /s/ Loretta Chapman
                                                                            (Signature)