IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRANT GRIFFIN, *et al.*,

    Plaintiffs,

vs.                                                                                         Civ. No. 24-914 DHU/KK

ERLEND OLSON,

    Defendant.

## ORDER ON DEFENDANT'S *EX PARTE* REQUEST FOR COUNSEL AND OBJECTION TO *PRO SE* DESIGNATION AND ORDER TO SHOW CAUSE

Before the Court is *pro se* Defendant Erlend Olson's "*Ex-Parte* Objection to Order and Entry as Pro-Se, and Request for Counsel" (Doc. 40) ("Request and Objection"), filed July 16, 2025. Having reviewed the Request and Objection, the record, and the relevant law, and being otherwise fully advised, the Court FINDS that Defendant's request for the appointment of counsel should be DENIED and his objection to being designated as "*pro se*" should be OVERRULED. The Court further FINDS that the Request and Objection should be unsealed unless Defendant shows cause why this document should remain sealed from Plaintiffs and the public.

In his Request and Objection, Defendant first asks the Court to appoint counsel to represent him in this civil case. (Doc. 40 at 1.) There is no right to the appointment of counsel in federal civil cases and federal district courts lack the authority to coercively appoint counsel to represent indigent civil litigants. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298, 300-02 (1989). However, in certain exceptional circumstances, a court may request the voluntary assistance of counsel in such cases pursuant to 28 U.S.C. § 1915(e)(1). *Loftin v. Dalessandri*, 3 F. App'x 658, 663 (10th Cir. 2001). In deciding whether to request the voluntary assistance of counsel, the Court must "give careful consideration to all the circumstances with particular emphasis upon certain factors,"

1

including the merits of the litigant's claims or defenses, the nature and complexity of the factual and legal issues presented in the case, and the litigant's ability to represent himself. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Here, Defendant has failed to show that any of the *Rucks* factors would make it necessary or appropriate for the Court to request the voluntary assistance of counsel at this juncture. Defendant has made no argument regarding the merits of his defenses in this case or the nature and complexity of the factual and legal issues presented. And although he alleges that he cannot represent himself, the circumstances he lists in support of this allegation are vague, conclusory, and common to many incarcerated *pro se* litigants and do not, without more, justify a judicial request for the voluntary assistance of counsel. Moreover, the Court has stayed this case pending resolution of the federal criminal charges against Defendant in *United States v. Olson*, 1:25-cr-00069-RCL (D.D.C. filed Mar. 13, 2025), and there is therefore no danger that Defendant will be forced to choose between defending himself in this civil case and preserving his defenses in the criminal case. (Doc. 41.) For these reasons, the Court will deny Defendant's request for the appointment of counsel.

Defendant next objects "to being listed in court documents and PACER as 'pro se.'" (Doc. 40 at 1-2.) In support, Defendant argues that this designation could cause statements he has made or will make outside these proceedings to be used against him as legal representations. (*Id.*) But Defendant's objection to being designated as "*pro se*" is without merit. The designation itself has no legal impact whatsoever; rather, it simply recognizes the incontrovertible fact that Defendant is not currently represented by counsel in this case. The Court will therefore overrule Defendant's objection.

Finally, the Court notes that Defendant filed his Request and Objection *ex parte*, yet he has made no attempt to explain why Plaintiffs or the public should be prevented from having access to this document. Plaintiffs have an obvious interest in knowing what relief Defendant is seeking from the Court and why; and, "[c]ourts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). The Court will therefore unseal the Request and Objection unless Defendant timely shows cause why the Court should not do so.[1]

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

(1)   Defendant's request for the appointment of counsel is DENIED;

(2)   Defendant's objection to his designation as "*pro se*" is OVERRULED; and,

(3)   If Defendant wishes his Request and Objection (Doc. 40) to remain sealed from Plaintiffs and the public, by **Tuesday, September 2, 2025**, Defendant shall show cause, in a written show-cause response, why the Court should not direct the Clerk to unseal the Request and Objection. If no such response is filed, the Court will direct the Clerk to unseal the Request and Objection without further notice.

IT IS SO ORDERED.

                                                */s/ Kirtan Khalsa*
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court hereby modifies the stay it entered on August 1, 2025, for the limited purpose of giving Defendant the opportunity to show cause why it should not unseal his Request and Objection. (Docs. 40, 41.) The Court notes that Defendant is represented by counsel in the federal criminal case and that he therefore has access to legal advice regarding whether any statements he may wish to include in his show-cause response would risk prejudicing his defense in the criminal case.