FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 17 2025

MITCHELL R. ELFERS
CLERK

TO: JUDGE KIRTAN KHALSA
FROM: ERLEND OLSON, DEFENDANT
RE: CASE 1:24-CV-00914-DHU-KK
MATTER: RENEWED OBJECTION BASED ON NEW FACTS AND REQUEST FOR SPECIAL APPOINTMENT OF VOLUNTARY ASSISTANCE OF COUNSEL

ERLEND OLSON, DEFENDANT IN THE ABOVE TITLED CASE IN THIS COURT, AS WELL AS DEFENDANT IN RELATED CASE 1:25-CR-00069-RCL, HEREBY RESPECTFULLY PETITIONS THE COURT AND NOTIFIES THE COURT OF THE FOLLOWING, AND REQUESTS THAT HE(I) NO LONGER BE LISTED AS "PRO SE" AND ALSO BE GRANTED APPOINTMENT OF VOLUNTARY ASSISTANCE OF COUNSEL:

(1) THE COURT HAS ISSUED CONFLICTING ORDERS IN REGARD TO "PRO SE" DESIGNATION.
  (A) IN DOCUMENT 42, 08/01/2025, PAGE 2, SECOND-TO-LAST SENTENCE, THE COURT STATES THAT:
    "THE [PRO-SE] DESIGNATION ITSELF HAS NO LEGAL IMPACT WHATSOEVER; RATHER IT SIMPLY RECOGNIZES THE INCONTROVERTIBLE FACT THAT DEF. IS NOT CURRENTLY REPRESENTED BY COUNSEL IN THIS CASE."

  (B) BUT THEN IN DOCUMENT 38 OF THIS CASE...

PAGE 1

..., SECOND TO LAST SENTENCE ON PAGE 1, THE COURT ORDERS:

> "DEFENDANT OLSON SHALL PROCEED "PRO SE" AND MUST COMPLY WITH ALL ORDERS OF THIS COURT <u>AND</u> <u>APPLICABLE</u> <u>RULES</u>." (EMPHASIS BY UNDERLINE ADDED)."

IN OTHER WORDS, FOR EXAMPLE, I MUST ACT AS MY OWN LAWYER AND, PER THE RULES, ANY STATEMENTS AND REPRESENTATIONS BY ME HAVE LEGAL WEIGHT OF AUTHORITY AND I MUST BE RESPONSIVE TO THE COURT PER RULES... INCLUDING RULES OF EVIDENCE, RULES OF FORMAT, TIMELINESS OF RESPONSES, ABILITY AND REQUIREMENTS TO RESPOND AND SO ON. THE LATIN WORDS "PRO SE" DO NOT TRANSLATE TO ENGLISH (NOR ARE THEY CONSTRUABLE) AS "NOT REPRESENTED BY COUNSEL". THEY MEAN "FOR ONESELF", AND IN THIS CONTEXT "COUNSEL FOR ONESELF". [→ "PROCEED"]

(2) I AM UNABLE TO REPRESENT MYSELF. I AM NOT COMPETENT TO DO SO, NOR DO I HAVE ACCESS TO EVEN BASIC LEGAL FORMS, RULES BOOKS, COURT DOCUMENTS OR RECORDS. THE COURT HAS STAYED THE CASE AND ASSERTED THAT THERE IS THEREFORE NO HARM TO ME (DEFENDANT OLSON), BUT THIS IS PLAINLY NOT TRUE,

FOR MANY REASONS, INCLUDING BUT NOT LIMITED TO THE COURT MAY "UNSTAY" THE CASE AT SOME POINT, A POINT IN TIME UNKNOWN TO ME. FOR EXAMPLE, THE PARTIES WERE IN SETTLEMENT DISCUSSIONS PRIOR TO THE WITHDRAWAL OF PRIOR COUNSEL - WHAT IF PLAINTIFFS FURTHER SUCH "OUT-OF-COURT-VIEW" DISCUSSIONS BUT RECEIVE NO RESPONSE BECAUSE I DON'T EVEN RECEIVE MAIL TIMELY?

FOR THE ABOVE REASONS, I RENEW MY OBJECTION TO BEING FORCED TO BE MY OWN LAWYER IN THIS CASE. I ALSO, THEREFORE, CANNOT ARGUE OR PRESENT LEGAL FACTS AS TO "RUCKS" FACTORS EITHER - I CANNOT ACT AS MY OWN LAWYER TO GET THE COURT TO APPOINT A LAWYER, NOR T GET THE COURT TO REMOVE MY DESIGNATION AS MY "PRO SE" STATUS.

(3) TO THE EXTENT IT IS HELPFUL TO THE COURT, I CITE THE FOLLOWING ADDITIONAL INFORMATION WHICH I BELIEVE TO BE TRUE IN REGARD TO THE CIVIL AND CRIMINAL CASES (CITED ABOVE), IN FURTHERANCE OF THE COURT (i) REMOVING MY DESIGNATION AS "PRO SE" AND/OR (ii) ASKING FOR

PAGE 3

VOLUNTARY ASSISTANCE OF COUNSEL:

(A) THE SALACIOUS ALLEGATIONS OF THE CIVIL PLEADINGS ASIDE, THE PLAINTIFFS ARE SIMPLY ASKING THE COURT TO ENFORCE A PERSONAL GUARANTEE (ALLEGEDLY) MADE BY DEFENDANT, OR "RENEWED" BY DEFENDANT, MANY YEARS AFTER DEFENDANTS DECIDED NOT TO ENFORCE THE TERMS OF THEIR LOANS AGAINST THE SECURITY FOR THOSE LOANS IN THE SDNY CIVIL RECEIVERSHIP STARTED IN 2021 ENTITLED "FCS PARTNERS V. THEIA GROUP..." IN JUDGE KEVIN P. CASTEL'S COURT.

(B) PLAINTIFF MONDELLO IS MY FORMER FIANCE'. PLAINTIFF GRIFFIN IS/WAS HER BOYFRIEND, OR CLAIMED AS SUCH. BOTH HAVE BEEN ALREADY "MADE WHOLE", AT LEAST PARTIALLY, IF NOT COMPLETELY. VOLUNTARY COUNSEL WITH ABILITY TO ACCESS RECORDS COULD EASILY VERIFY THE ABOVE AND/OR DETERMINE WHAT MAY BE REMAINING.

(C) THE CRIMINAL CASE HAS BEEN DESIGNATED AS LEGALLY COMPLEX. ALSO, ALL COUNSEL IN THE CRIMINAL CASE ARE REQUIRED TO HAVE TOP-SECRET COMPARTMENTALIZED

CLEARANCES, AS SO INDICATED, I BELIEVE, IN THE CRIMINAL CASE DOCKET (I CANNOT CITE ENTRIES AS I HAVE NO ACCESS TO PACER). THE FACT THAT THE PLAINTIFFS IN THIS CIVIL CASE ARE LISTED (AND NOW VERIFIED BY PLAINTIFF'S COUNSEL) AS TWO OF THE NINE ~~[redacted]~~ LENDERS ALLEGEDLY HARMED, IN THE HISTORY OF THETA,⊛ PER THE CRIMINAL INDICTMENT, MAY WARRANT THE COURT ASSIGNING VOLUNTARY COUNSEL TO PRESERVE STANDING FOR THE CASE FOR ALL PARTIES, AND/OR ACCESS TO MATERIALS THAT WOULD NOT NORMALLY BE PRESENT POST-RESOLUTION DUE TO THE FACTORS MENTIONED ABOVE.

(4) PLEASE CONSIDER / RE-CONSIDER MY REQUESTS.

(5) I HAVE NO OBJECTION TO MY PLEADINGS BEING COPIED INTO PACER AS MY OBJECTIONS TO BEING FORCED BY THE COURT TO REPRESENT MYSELF IN THIS CASE.

THANK YOU.

*[signature]*
ERLEND OLSON

AUGUST 29, 2025

⊛ THETA HAD OVER 200 LENDERS SECURED BY THE COMPANY'S ASSETS VALUED AT OVER $8.67B DOLLARS AS AT JAN 2021.

PAGE 5

ERLEND OLSON-JPOD
NORTHERN NECK REGIONAL JAIL
P.O. BOX 1060
WARSAW VA 22572

RICHMOND VA RPDC 230
3 SEP 2025 PM 4 L

JUDGE KIRTAN KHALSA
PETE DOMENICI US COURTHOUSE
333 LOMAS BLVD NW
ABQ NM 87102

87102-227299



FOREVER / USA